## WALLACE *v.* MILNER.

CREDIBILITY OF WITNESSES.—*Supreme Court.*—The Supreme Court will not, upon the evidence, reverse the finding of the court below, trying an action without the intervention of a jury, where the evidence is conflicting, and its weight must be determined by the credibility of the witnesses.

APPEAL from Marion Circuit Court.

DOWNEY, C. J.—The only question in this case is as to the correctness of the ruling of the circuit court in refusing to grant to the appellant a new trial, which was demanded on the grounds: first, that the damages are excessive; second, because the amount at which the court assessed the value of the property is excessive; third, because the finding and decision of the court is not sustained by sufficient evidence; fourth, because the decision of the court is contrary to law.

The action was brought by the appellee against the appellant, to recover the possession of a horse. The facts are these: Milner owned the horse, and let Fisher and Thompson have him to use for a time for his board. They had him kept at the livery stable of Wood & Mansur, who had a bill against him for his keeping, to the amount of twenty-six dollars, and refused to let him go until the bill had been paid. Fisher and Thompson refused to pay the amount. Milner finding his horse at the livery stable, with the claim for his keeping against him, and not being able to pay the same, made an agreement with Vandever, by which he was to, and did, pay the bill, and take possession of the horse. Vandever sold the horse to Gerton, and he sold him to Wallace. The case turned upon the nature of the contract between Milner and Vandever. Their testimony is conflicting. It was the province of the court trying the case, instead of a jury, to decide upon the credibility of the witnesses. There is some contradiction in the testimony of Milner, itself, but it is not for us to say that the court might not have been justified in believing him, notwithstanding this contradiction, in preference to his adversary.

As to the value of the horse, the witnesses differ very widely in their estimates, ranging from two hundred dollars down to nothing. The court found his value to be seventy-five dollars. We cannot say this was wrong. No damages were assessed by the court.

The judgment is affirmed, with costs.

*J. S. Harvey,* for appellant.

*D. V. Burns,* for appellee.